Argued May 5, affirmed June 12, 1975

SHOCKEY, *Appellant, v.* SHIELDS ET UX,
*Respondents.*
536 P2d 424

*M. E. Walter,* of Duncan and Walter, Portland, argued the cause and filed the brief for appellant.

*Gerald A. Martin,* of Gray, Fancher, Holmes & Hurley, Bend, argued the cause and filed the brief for respondents.

TONGUE, J.

This is an action for damages for personal injuries sustained by the plaintiff while riding as a passenger on defendants' snowmobile. Plaintiff appeals from a judgment of involuntary nonsuit which was granted on trial at the end of plaintiff's case. We affirm.

The facts are somewhat bizarre. While visiting the Bachelor Butte ski area plaintiff and her husband stopped to "watch the snowmobiles." When they got out of their car plaintiff was approached by defendants' large german shepherd dog. While plaintiff was talking to Mrs. Shields her hand was bitten by the dog.

Defendants took plaintiff to their camper, where they put a Band-aid on her finger. They then insisted that she go on a snowmobile ride, saying that this was

"the least we can do for you." Plaintiff testified that she got on the snowmobile behind defendant Lonnie Shields and "[t]hen we took off. And he started off quite fast" and "went on the side of the mountain slanting like this [indicating]." Plaintiff's husband testified that they "took off" at a speed of "probably fifteen miles an hour, maybe better" and then "disappeared."

The snowmobile hit a tree and plaintiff was injured. There was no other evidence of the rate of speed or the degree of slope of the mountainside at the time and place of the accident.

This is the first snowmobile accident case to come before this court.[1] Both by the theory of her Second Amended Complaint, alleging gross negligence, and by the contentions of her brief on this appeal, plaintiff appears to concede that a snowmobile is a "motor vehicle" or "means of conveyance" within the meaning of the Oregon Guest Passenger Statute (ORS 30.115).

Plaintiff contends, however, that the evidence was sufficient to prove the allegations of her complaint to the effect that defendant Lonnie Shields was grossly negligent in driving "at an excessive and dangerous rate of speed under the circumstances" and "in failing to keep said vehicle under proper control and in failing to keep a proper lookout."

■ Assuming, without deciding, that these allegations were sufficient as allegations of gross negligence for the purposes of ORS 30.115, we hold that the evidence was insufficient to establish the "conscious indifference to or reckless disregard of the rights of others" required to establish "gross negligence" as defined by ORS 30.115(2). See also *Williamson v. McKenna*, 223 Or 366, 354 P2d 56 (1960).

---

[1] See generally Reel, Dashing Through the Snow: Oregon and the Open Sleigh, 3 Env L Rev 74, 75 (1973).

██ Plaintiff also contends that defendants' failure to observe the provisions of ORS 483.730 listing various "prohibited acts" in the operation of snowmobiles, including operation "at a rate of speed greater than reasonable and proper under the existing conditions" or "in a negligent manner so as to endanger the person or property of another * * *" provides a basis for recovery for ordinary negligence. As previously noted, however, plaintiff's complaint is limited to a cause of action based upon allegations of gross negligence. Evidence of violations of ORS 483.-730, at least under the facts of this case, would not be sufficient as proof to establish "gross negligence" for the purposes of ORS 30.115.

█ Plaintiff also makes the novel contention that "the snowmobile ride was to compensate her for the dog-bite injuries and to prevent her from persuing [sic] the matter further," so as to confer a "substantial benefit in a material or business sense" upon defendants and one which was a "substantial motivating factor for the transportation," within the meaning of ORS 30.115(1) and so as to relieve plaintiff from the burden of proving "gross negligence," as otherwise required by the terms of that statute.

Plaintiff's complaint, however, included no such allegations and we find that there was no substantial evidence to support such an allegation.[2]

Finding no error, the judgment of the trial court is affirmed.

---

[2] Plaintiff's complaint included a separate cause of action for damages for injuries resulting from the dog bite. That cause of action was settled.